ELLIS, Judge:
Audrey Finley was dismissed from her position as Cottage Parent II at Louisiana Training Institute, Baton Rouge, by letter from the appointing authority, the Louisiana Department of Corrections, dated December 13,1976. By letter of December 21, 1976, Mrs. Finley, through counsel, requested an appeal to the State Civil Service Commission. Summary disposition of the appeal was subsequently requested by the appointing authority on the grounds that Mrs. Finley was serving in her position pursuant to a one year job appointment, and was not a permanent classified employee, and therefore not entitled to an appeal to the Commission.
After a hearing, the Commission granted the request for summary disposition and dismissed Mrs. Finley’s appeal. From the order of dismissal, Mrs. Finley has appealed to this court.
According to Civil Service Rule 13.14, a request for summary disposition may be made at any time after an appeal is docketed. Among the grounds on which such a request can be made is that the appellant has no legal right to appeal. Such requests may be supported by admissions of fact and written argument or brief. The rules do not provide hearing of the request.
However, a hearing was held on February 2, 1977, at which time Mrs. Finley’s personnel record was received in evidence by the Commission.
The record reveals that Audrey Reese Finley was first hired as a Cottage Parent II on March 28,1973, on a “non-competitive job appointment” not to exceed six months, pursuant to Civil Service Regulation 8.14. On September 28, 1973, she received a six month extension of her job appointment under the same authority. On March 27, 1974, her job appointment was terminated.
On the next day, March 28, 1974, she received an emergency one month appointment, which was “needed due to Federal Court Order # 69-543”, pursuant to Civil Service Regulation 8.10.
On April 28, 1974, Mrs. Finley received a second six month non-competitive job appointment under Regulation 8.14, which was extended on October 28, 1974, for an additional six month period. On April 28, 1975, her job appointment was terminated, and she received another emergency appointment of one month.
On May 28, 1975, Mrs. Finley received a third six month non-competitive job appointment, and on November 28, 1975, a fourth such job appointment was made. On May 28, 1976, a one year job appointment was made, under which she was serving when she was discharged.
Mrs. Finley is contending that the series of job appointments under which she served in her position violated the Civil Service Rules, and that she is actually a permanent employee and entitled to an appeal. However, we do not believe that we can at this time make a definitive holding on the question of Mrs. Finley’s status. As we appreciate the case, the only question before us is whether considering the record presented, summary disposition, on the ground that Mrs. Finley is a temporary employee,' is appropriate.
Civil Service Rule 8.14 provides, in part, as follows:
*813 “(b) Such appointments may be extended with the approval of the Director for additional periods not to exceed an aggregate total of one year.”
The Civil Service Commission found nothing in the constitution, or in their regulations, which prevented successive job appointments such as were made in this case, for an indefinite period of time. We cannot agree.
Such an appointment is obviously intended to be temporary and can be made only “when an employee is needed for temporary work or to substitute for” a classified employee. It does not appear that either of these circumstances exist in this case. Mrs. Finley held down her job for over there and one half years during which time she received regular step increases in pay, apparently based on length of service. If, indeed, special circumstances under which a job appointment can be made existed in this case, there is nothing in the record to so indicate.
We do not think that an appointing authority can make job appointments in violation of both the letter and spirit of the Civil Service Rules and thereby deprive its employees of rights which are given them by the Constitution of this State and by the Civil Service Rules.
We interpret Rule 8.14 to mean that no employee can continuously serve more than two years in the Civil Service in the same position under job appointments or extensions thereof. Thereafter such an employee must be considered a probationary employee. An employee who completes a six month probationary period is entitled to permanent status. Civil Service Rules 9.1 and 9.2.
We therefore hold that the record before us does not support the summary dismissal of Mrs. Finley’s appeal to the State Civil Service Commission.
The arguments advanced to the effect that the employment practices followed in Mrs. Finley’s case were necessitated by federal court orders and were done with her informed consent are based on matters de-hors the record, and can not be considered.
The order dismissing Mrs. Finley’s appeal is reversed, and the matter remanded to the Civil Service Commission for further proceedings in accordance with law. The appointing authority will pay all costs of this appeal for which it may be held liable under the law.
REVERSED AND REMANDED.