SCHOTT, Judge.
The New Orleans Civil Service Commission has appealed from a judgment enjoining it “from terminating plaintiff’s employment for the reason of her being unqualified, or hiring a replacement for her.”
Plaintiff began working in the Department of Finance of the City of New Orleans in September, 1972, by virtue of an appointment as a Transient Clerk II. The chronological history of her employment thereafter is as follows:
December 19, 1972 — Transient Clerk II status terminated and appointed Provisional Clerk as an emergency appointment.
December 29,1972 — Appointed Provisional Clerk I.
March 25, 1974 — Appointed Transient Clerk II.
She never acquired permanent employment status in the classified service of the City, and when it came to the attention of the Commission in November, 1977, that she was still on the payroll, steps were taken to terminate her employment, culminating with a letter of February 16,1978, from the Director of the Finance Department advising her that her appointment as a Provisional Clerk II would be terminated, effective March 3, 1978, since the Department was required to fill the position with a permanent appointment. She secured a temporary restraining order against the Commission and upon trial of the rule for preliminary injunction the judgment appealed from was rendered in her favor.
Art. 14, § 15(A)(1) of the Louisiana Constitution of 1921 provides that permanent appointments in the classified service of the City of New Orleans “shall be made . pursuant to a general system based upon merit, efficiency, and fitness, under which certificates shall be based on examinations . and all employees in the Classified Service shall be employed from those eligible under such certification . . .”
This provision of the Constitution of 1921 which was in effect when plaintiff was initially appointed as a transient employee was substantially the same as Art. 10, § 7, of the Constitution of. 1974, which became effective on December 31, 1974, when she was employed by virtue of employment as a Transient Clerk II made on March 25, 1974. The old and new Constitutions both provide that the Civil Service Commission shall adopt rules for appointments defined as emergency and temporary appointments. See Art. 14, § 15(1) of the Constitution of 1921, and Art. 10, § 7 of the Constitution of 1974.
Pursuant to the Constitution, the Commission adopted Rule 5.3 regarding temporary appointments, copy of which is made an appendix to this opinion. The intent of the rule on provisional appointments is obviously to enable the appointing authority to fill a vacancy temporarily in the case where there are no persons eligible by virtue of their having passed a competitive examination and to replace the provisional appointee with a qualified person as soon as possible. The rule places procedural limitations on the right of the appointing authority to use this provision, and it limits provisional appointments to a one year term. Transient appointments are obviously designed to fill a temporary need for an extra or substitute employee, and such an appointment cannot be made for more than three months unless extended, and then there is a one year limitation on the extent to which such a transient appointment may *366 be extended. Finally, the emergency appointment is only available when no other method is available to deal with an emergency situation.
The entire scheme of Civil Service or the merit system for public employment is to insure that permanent appointments are obtained on merit, i. e., on the basis of competitive examinations. When the Civil Service employee obtains permanent status that employee becomes a part of a unique system with job security guaranteed by the Constitution itself. In the case before us, the trial judge has in effect used his equitable powers to confer on the plaintiff the status of one who has received a permanent appointment to the Civil Service notwithstanding the fact that she has never attained that status in accordance with the Constitution and the rules of the Commission.
When asked why this plaintiff was able to remain on the job despite the fact that her last provisional appointment by law was scheduled to expire on March 25, 1975, the Commission’s personnel director pointed out that there were 10,000 Civil Service employees’ files in his office and no system for flagging provisional and transient employees even though there were only about 100 provisional employees and just a few transient employees. He did say that a newly instituted computer system would prevent a recurrence of the sort of error which occurred in this case.
In his reasons for judgment, the trial judge expressed sympathy for plaintiff who, because of clerical mistakes made by employees of the City and Civil Service Commission, has been employed for five and a half years and concluded that her situation had somehow provided her with permanent status. He felt that it would be unconscionable for her to be fired under the circumstances.
We are unable to agree with this rationalization. When plaintiff was originally appointed in October, 1972, as a Transient she was told that the appointment would be for no more than 90 days. On May 8, 1974, when she was again appointed as a Transient, she was again told that the appointment was good for no more than 90 days. Plaintiff had to be aware of the basic underlying scheme of Civil Service appointments which requires competitive examinations. She is and has been occupying a position for which she is not qualified and for which she has never taken the steps required by law and, in effect, has prevented someone else who is qualified and who has taken the necessary constitutional, statutory and regulatory examinations from taking her position. Permanent appointment to the Civil Service cannot be acquired by accident or by estoppel, or by any means other than that which is prescribed by the Constitution.
In this court much reliance is placed on Finley v. Department of Corrections, etc., 351 So.2d 811 (La.App. 1st Cir. 1977), but that case is neither controlling nor persuasive. It involves an interpretation of Civil Service rules established by the State Civil Service Commission and included an issue as to whether Mrs. Finley had acquired status by virtue of rules which provided that upon a person serving under a temporary appointment for two years that employee must be considered a probationary employee and that an employee who completes a six month probationary period is entitled to permanent status. No comparable rules have been adopted by the Civil Service Commission of the City of New Orleans. We note, however, that our appreciation of the spirit of the Civil Service scheme is the same as the Finley court thought it to be in stating that:
“We do not think that an appointing authority can make job appointments in violation of both the letter and spirit of the Civil Service Rules and thereby deprive its employees of rights which are given them by the Constitution of this State and by the Civil Service Rules.”
In the instant case, those rules are clear. Plaintiff has no right to remain in her job. She never has been and is not now in the status of a permanent classified employee of the City.
*367 Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, New Orleans City Civil Service Commission, and against plaintiff, Mrs. Ethelyn J. Owen, dismissing her suit at her cost.
REVERSED AND RENDERED.
APPENDIX
(RULE VI)
5.3 Temporary appointments to positions in the classified service may be made for short periods without compliance with the provisions of this part requiring certification, as follows:
(1) Provisional appointments. When a vacancy is to be filled in a position of a class for which there are no eligibles available for certification, the appointing authority, with the prior approval of the Director', may make a provisional appointment. Appointment of such provisional shall be made only after submission of the name and qualifications of the intended appointee to the Director and such individual is approved for appointment. Such provisional appointment shall terminate upon the regular filling of the vacancy in any manner authorized under these Rules and, in any event, within fifteen working days after a certification from which appointment can be required. A provisional appointment shall never continue for a period in excess of one year unless it is extended by the Commission upon the Director’s certification that eligibles are not available and that it is not possible or practicable to provide such eligibles.
(2) Transient appointments. Whenever the services of an extra or substitute employee are needed in any position in the classified service for a period of less than three months, the appointing authority, with the prior approval of the Director, may make a transient appointment of any person he deems qualified to serve for the period required. This appointment, with the prior approval of the Director, may be extended for a further period if required, but no person shall serve under a transient appointment from the same or different appointing authority for an aggregate period of more than three months in any continuous twelve month period.
(3)Emergency appointments. Where an emergency exists requiring that a position be filled before appointment can be made under any other provision of these Rules, an emergency appointment may be made for any available person to serve until the position involved can otherwise be filled under the provisions of these Rules. No emergency appointment shall continue for more than ten days in any case or be renewed for any further period beyond that limit. The authority for any emergency appointment is conditioned on a prompt report thereof to the Director, at the time the appointment is made.