JaLOTTINGER, Chief Judge.
Plaintiff in this matter seeks review of a ruling by the Civil Service Commission which determined that he did not attain permanent employee status under Civil Service Rule 9.2, and therefore was not entitled to appeal his dismissal.
FACTS
The record reveals that in 1991, Huey P. Pope (hereinafter referred to as “plaintiff’), qualified for and was hired on a civil service job appointment[1] under the classification “Roads/Grounds Keeper” by the New Orleans City Park Improvement Association. A copy of plaintiffs initial Standard Form 1 (SF-1) indicates that plaintiffs term of employment extended from July 24, 1991, until January 24,1992.
A second SF-1 dated November 12, 1991, reveals that plaintiff was recommended for conversion to permanent appointment effective January 24, 1992; however, a handwritten correction states that plaintiffs position could only be converted to a probational appointment.[2]
A third SF-1 dated January 12,1993, indicates that plaintiff was terminated during this probationary period on January 6, 1993, for “failfing] to meet the expected standard of work.” A fourth SF-1, also dated January 12, 1993, reveals that plaintiff was re-hired two days later on January 8, 1993, for a job appointment under the classification of “Recreational Facility Worker/Golf’. The stipulated term for said job appointment was January 8, 1993 through January 7, 1994. A fifth SF-1 dated July 6, 1993, indicates that effective July 8, 1993, six months after plaintiffs re-employment, he became eligible for and received a merit pay increase pursuant to Civil Rule 6.14(a).
A sixth SF-1 dated April 19, 1994, states that plaintiffs previous job appointment was terminated, and that as of January 8, 1994, the date of said termination, plaintiff had been given a new job appointment with the same duties through May 8,1994. Said form further noted | ¡¡that this action had been “delayed by administrative oversight”. A seventh and final SF-1 also dated April 19,1994, terminated plaintiffs employment effective that date on the grounds that he was “no longer needed” and had a “previous history of misconduct”.
In a letter dated May 18, 1994, plaintiff, through his attorney, requested an appeal to the State Civil Service Commission. The appointing authority, New Orleans City Park, subsequently requested a summary disposition of plaintiffs appeal asserting that because plaintiff was never permanently appointed, he had no legal right to an appeal. Following a hearing, the Civil Service Referee granted the request for summary disposition and dismissed plaintiffs appeal. From the order of dismissal, plaintiff now appeals to this court.
*390 ISSUE ON APPEAL
Plaintiff contends that the Civil Service Referee erred by denying him the rights and benefits associated with permanent employment. However, as a panel of this court determined in Finley v. Department of Corrections, Louisiana Training Institute, 351 So.2d 811 (La.App. 1st Cir.1977), a case relied upon by plaintiff, we believe that the question before'us is more properly, whether the record supports the summary disposition of plaintiffs appeal on the ground that he was a temporary employee.
DISCUSSION
The Civil Service Commission Referee concluded that plaintiffs reliance on our decision in Finley was misplaced in light of the Commission’s subsequent amendment of the rule cited therein. The referee stated that “there is no Civil Service Rule which would allow [plaintiff] to automatically acquire permanent status”, and held that because “[t]he agency took no action to award appellant permanent status pursuant to the provisions of Civil Service Rule 9.2”, plaintiff had no right to appeal.
In Finley, this court determined that the plaintiff had attained permanent status by virtue of civil service rules which provided that a temporary employee who served more than two years continuously in the same position must be considered a probationary employee and that an employee who completes a six month probationary period is entitled to permanent status.
While we agree with the plaintiff that the facts of the instant case are very similar to those presented in Finley, we find, as did the referee, that the holding of Finley cannot be Uapplied to the facts of this case as the rule relied upon in Finley (Civil Service Rule 9.2), was subsequently amended by the State Civil Service Commission in 1986. As a result of said amendment, a probationary employee no longer acquires permanent status automatically upon completion of a six month probationary period. Civil Service Rule 9.2 now reads as follows:
9.2 Permanent Appointment Action Following Probationary Period.
(a) Permanent appointment of a probationary employee shall begin upon certification by the appointing authority. Certification will consist of a statement in the “remarks” section of the Standard Form 1, “I certify that this employee has met the required standard of work during the probationary period.”
(b) A permanent appointment must be reported by Standard Form 1.
(c) The appointing authority shall separate employees who have not been certified as permanent at the end of the twelve month probationary period in accordance with the provisions of Rule 9.1(e).
(Emphasis supplied.)
Under the provisions of the above rule and the facts of this case, it is clear that while plaintiff was employed for nearly three years with New Orleans City Park, he could not automatically, based upon his years of employment, acquire permanent employee status. As there is nothing in the record to indicate that the appointing authority, New Orleans City Park, took any action to grant plaintiff permanent status, the referee was correct in his determination that plaintiff possessed no right to appeal his termination.
CONCLUSION
For the above and foregoing reasons, the decision of the referee is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. Pursuant to Civil Service Rule 1.18, a "job appointment” is defined as "a temporary appointment of an employee for work of a temporary nature or to substitute for another employee”.

. Pursuant to Civil Service Rule 1.26, a "probationary appointment” means appointment of a person to serve a working test period in a position.” Additionally, Civil Service Rule 9.1 provides that probationary periods shall be no less than six months nor more than twelve months.