420 So.2d 714 (1982)
A.S. ALDAHIR
v.
MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST, INC.
No. 13162.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Writ Denied November 29, 1982.
Plauche F. Villere, Jr., New Orleans, for plaintiff-appellant.
Robert J. Fritz, Alan H. Katz, Gordon, Arata, McCollam & Stuart, New Orleans, for defendant-appellee (Mobil).
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
Plaintiff claims damages against his former employer on the theory that he was prematurely fired on August 22, 1980 in violation of an alleged agreement specifying a term of employment to extend to December 31, 1980. In the trial court he sought reinstatement to his previous position of employment, payment of all back wages and fringe benefits, penalty wages and attorney fees under LSA-R.S. 23:631 and 632 and damages for loss of his reputation. His suit was dismissed on defendant's motion for summary judgment and he has appealed. The only error he specifies in this court is the failure of the trial court to consider a letter from defendant to him dated June 19, 1980, as an employment contract specifying a term of employment to extend through November 30, 1980.
Plaintiff was employed by defendant in December 1979 and in June 1980 was advised that his job performance over the first five months of employment was unsatisfactory. His employment was not for any specified term and was therefore terminable at his or his employer's will with or without cause, C.C. Art. 2747. Following discussions between plaintiff and his supervisors he received the following notice from the supervisors, dated June 19, 1980, entitled "Future Job Performance:"
"On Wednesday morning, June 11, you and I discussed your job performance with E.G. Thurman. As previously discussed with you by your supervisor, N.C. Shah, and myself, your five-months preliminary performance was MR-, and problem areas in written communication, meetings work schedules, and submitting *715 completed staff work were where significant improvement is necessary in order for you to meet requirements of your job as Associate Reservoir Engineer.
To assist you in improving your performance, we will do the following:
1) Establish three reasonable objectives, for you to accomplish by 10-15-80. (copy attached).
2) Evaluate your performance in the accomplishment of the above objectives by 11-1-80.
3) Coach and counsel you, giving support and assistance as you work to improve your job performance.
Should you not achieve an overall rating of at least MR by Nov. 1, 1980, (Meets Requirements) in the accomplishment of the above objectives, you will be asked to seek employment elsewhere, within the next 30 days."
The trial judge concluded that this letter could not fairly be construed as a promise of employment through November 1, 1980, but that it was plainly a warning to plaintiff and not an agreement. We agree with that interpretation. The letter does not purport to do anything but emphasize three objectives to be reached by plaintiff by October 15 and schedules an evaluation of his performance with respect to those objectives by November 1. Obviously, it does not constitute an abandonment by defendant of its prerogatives as plaintiff's employer with respect to defendant's overall performance and it does not purport to guarantee plaintiff a position. It clearly informs plaintiff that he is not performing satisfactorily and it simply provides some assistance to plaintiff to improve the quality of his work.
There is no assertion in this appeal that any genuine issue of material fact exists so as to preclude the granting of the motion for summary judgment.
We have concluded that the motion was properly granted and the judgment appealed from is affirmed.
AFFIRMED.