670 So.2d 397 (1996)
Jesse LEGER, Plaintiff-Appellant,
v.
TYSON FOODS, INC., Defendant-Appellee.
No. 95-1055.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Writ Denied April 19, 1996.
*399 James Richard Leonard Jr., Lafayette, for Plaintiff-Appellant.
Franklin H. Spruiell Jr., Gregory Guidry, Lafayette, for Defendant-Appellee.
Before COOKS, PETERS and GREMILLION, JJ.
PETERS, Judge.
This case arises from an employment relationship between the plaintiff, Jesse Leger, and the defendant, Tyson Foods, Inc. (Tyson). Leger was laid-off pursuant to a restructuring plan implemented by Tyson in the spring of 1992. He brought this suit alleging that Tyson had breached its obligation to him by not adhering to its seniority policy contained in its employee manual or handbook. The trial court granted Tyson's motion for summary judgment thereby dismissing Leger's suit, and Leger has appealed.

DISCUSSION OF RECORD
Jesse Leger began working for Tyson Foods, Inc. on June 7, 1989. He was hired as a shuttle driver delivering Tyson's chicken products in south Louisiana. Approximately five weeks after he commenced his employment, Leger received a copy of the Tyson Employee Information Manual. The front page of the manual contained a brief statement which included the following language:
I, the undersigned, have received my copy of the Employee Information Manual with the effective date of November 1, 1986. I understand that it is my responsibility to read and familiarize myself with its contents, and to abide by its prescribed rules and polices.
An additional paragraph on the front page informed the employee that the handbook was subject to change. A signature line was also supplied for the employee to sign his name. The next page contained an introduction to the company and a brief description of the company's philosophy. Within this introductory language is found the phrase: "This handbook is not an employment agreement."
Tyson employs approximately 56,000 people nationwide and has a history of constantly implementing new plans to increase profits. In 1992, Tyson decided that it would be more cost-effective to switch from the shuttle *400 system for chicken delivery to a team concept. The team concept involved basing the drivers in one central location from which they would leave in pairs to make deliveries in eastern Texas and south Louisiana. The central location chosen was Carthage, Texas. This reorganization of the delivery system resulted in three drivers being laid-off and the remaining drivers moving to Carthage. Leger was one of the three employees laid-off while employees with less seniority were selected to relocate to Carthage.
Leger contends that his layoff was a wrongful discharge and/or a breach of his employment contract. Additionally, he argues the doctrine of equitable estoppel or "estoppel in pais" as a result of his reliance on the representations in the Employee Information Manual concerning the company's discharge policies based on seniority.

OPINION
At issue in this case is page 13 of Tyson's Employee Information Manual. Page 13 is captioned: "THE TYSON PLAN FOR PROGRESS WITH SECURITY." The first category under this caption deals with seniority and provides as follows:
1. Where the following qualifications are equal, seniority shall be the determining factor for job opportunities, layoffs and recalls.
A. Skill and proficiency in meeting job requirements;
B. Dependability; and
C. Physical qualifications
Plaintiff has appealed asserting two assignments of error: (1) that the language contained in the employee manual created an exception to his status as an employee at will and (2) that the doctrine of equitable estoppel is applicable to this case to provide a remedy.

SUMMARY JUDGMENT
In reviewing the granting or denial of a motion for summary judgment, the appellate court is to conduct a de novo review by applying the same standards as the trial court is required to apply initially. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A trial court may properly grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Evans v. Automotive Casualty Ins. Co., 94-129 (La.App. 3 Cir. 10/5/94); 643 So.2d 389, writ denied, 94-2732 (La. 1/6/95); 648 So.2d 930; La.Code Civ.P. art. 966. The mover bears the burden of proving that there is no material issue of fact that is disputed. Id. This is a difficult burden of proof in that the mover must show that the truth is clear and excludes any doubt as to the existence of any genuine issue of material fact. Natchitoches Parish Hosp. Serv. Dist. v. Rachal, 94-995 (La.App. 3 Cir. 2/1/95); 649 So.2d 1152, writ denied, 95-528 (La. 4/7/95); 652 So.2d 1349. To evaluate the proof presented, the court must closely scrutinize the papers supporting the motion and indulgently scrutinize the opponent's papers. Id. The opponent's allegations must receive the benefit of the doubt and be considered as true when they conflict with the mover's assertions. Schroeder, 591 So.2d 342.
When the trial court is given a choice of reasonable inferences that could be drawn from the facts presented, it must view these inferences in the light most favorable to the party opposing the motion. Natchitoches Parish Hosp. Serv. Dist., 649 So.2d 1152. The first step in the analysis is to examine the mover's supporting documents to determine if they are sufficient to resolve any material issues of fact. If they are found to be insufficient, then the motion for summary judgment must be denied. If, however, they are found to be sufficient, then the burden shifts to the opponent of the motion to present evidence that there are material facts still at issue. Id.; La.Code Civ.P. art. 967. Prior to this time, the opponent may only rely on the allegations and denials contained in his pleadings. Id.
In support of its motion for summary judgment, Tyson attached excerpts from the plaintiff's deposition, a copy of the Tyson Employee Information Manual, a copy *401 of the plaintiff's petition, a statement of uncontested material facts, and a memorandum in support of its motion. The supporting documents presented by the mover in this case appear to be sufficient to show that there are no genuine issues of material fact still remaining to be decided. This means that the burden was shifted to plaintiff as the opponent of the motion to show that there were still material facts which were disputed. The supreme court has defined a material fact as one whose "existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La. 7/5/94); 639 So.2d 730, 751. Therefore, a material fact is one that will matter on the trial of the merits. Id. It is the applicable substantive law that determines materiality, and thus, whether a particular fact in dispute is material is dependent upon the applicable law. Mix v. University of New Orleans, 609 So.2d 958 (La.App. 4 Cir.1992), writ denied, 612 So.2d 83 (La.1993). This entails a determination of what the substantive applicable law is, and therefore, a thorough survey and analysis of the relevant legal authority is justified. Id.

EMPLOYMENT AT WILL
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La.Civ.Code art. 1906. There are four necessary elements for a valid contract: capacity, consent, object, and lawful cause. La.Civ.Code arts. 1918, 1927, 1966, 1971. In other words, the parties must have the capacity to contract and give their consent freely for a certain object, and the contract must have a lawful purpose. Id. Both parties must be bound in order for there to be a contract.
When Leger was hired by Tyson, there was no agreement as to a fixed duration of employment. Furthermore, the introduction to the Tyson Employee Information Manual contains the following disclaimer: "This handbook is not an employment agreement." A careful review of Tyson's employee manual shows that the requisite elements of a contract are not contained therein as there was no consent to make the manual an "employment agreement."
Under Louisiana law, when a person is employed for an indefinite period, he is an employee at will. Brannan v. Wyeth Labs., Inc., 526 So.2d 1101 (La.1988). Under the doctrine of employment at will, the employer and employee are free to terminate the employment relationship at any time without cause. La.Civ.Code art. 2024. The supreme court explained the reasoning behind this doctrine in Pitcher v. United Oil & Gas Syndicate, Inc., 174 La. 66, 139 So. 760, 761 (1932):
An employee is never presumed to engage his services permanently, thereby cutting himself off from all chances of improving his condition; indeed, in this land of opportunity it would be against public policy and the spirit of our institutions that any man should thus handicap himself; and the law will presume almost juris et de jure that he did not so intend. And if the contract of employment be not binding on the employee for the whole term of such employment, then it cannot be binding upon the employer; there would be lack of "mutuality."
Leger contends that this case is an exception to the employment-at-will doctrine because Tyson modified the employment-at-will arrangement by implementing a company policy protecting workers with seniority. To recover under this theory, Leger must be able to show that the Employee Information Manual was part of his employment agreement with Tyson thereby creating a contractual exception to the employment-at-will doctrine. We find that the Employee Information Manual was not part of Leger's employment agreement with Tyson, and thus, Leger's employment was governed by the doctrine of employment at will.
Leger was put on notice by the introductory disclaimer that the material contained in the manual was purely informational in nature and was not binding on Tyson. Leger admits that no promises were made to him concerning the manual's seniority policy, and he also acknowledges that the manual's policies were not a bargained for condition of his employment. This is self-evident since Leger *402 did not even receive a copy of the manual until five weeks after he had commenced employment with Tyson. The manual was merely a unilateral expression of company policies and procedures. Any benefits conferred by the manual were merely gratuitous and were not binding on Tyson.
When there is no specific contract or agreement establishing a fixed term of employment, an employer is free to dismiss an employee at any time for any reason without incurring liability for the discharge. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App. 2 Cir.1982). There is no Louisiana jurisprudence in which an employee manual has been held to confer any contractual rights upon an employee or to create any exceptions to the employment-at-will doctrine. This case, although unfortunate, provides no justification to change the established law of Louisiana with regard to employee handbooks. We have reviewed the employee manual, and we do not find that it constitutes a modification of Mr. Leger's terminable-at-will status. The existence vel non of a contractual relationship is a question of law and not a question of fact, and therefore, it is a proper basis for the granting of a motion for summary judgment. Leger's subjective expectation that Tyson would honor and adhere to its seniority policy contained in the employee manual is not sufficient to raise a genuine issue of material fact.

EQUITABLE ESTOPPEL
In his final assignment of error, Leger contends that summary judgment was inappropriate in this case because there remains a material issue of fact as to whether or not he justifiably relied upon Tyson's representations to his detriment. Leger contends that he justifiably relied on Tyson's policy of seniority and changed his position as a result thereof. He alleges that Tyson's seniority policy lulled him into a false sense of job security since he was the second most senior driver and that as a result of this, he did not attempt to look for another job while he was employed by Tyson.
Equitable estoppel or "estoppel in pais" is defined as the effect of voluntary conduct of a party whereby he is prohibited from asserting rights against another who has justifiably relied upon such conduct and changed his position such that if the other is allowed to repudiate his conduct, he will suffer injury. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975). A party invoking the doctrine bears the burden of proving the facts upon which estoppel is based and must establish that each of the elements of estoppel is present: (1) a representation by word or deed; (2) justifiable reliance on the representation; and (3) a detrimental change in one's position because of the reliance. Thebner v. Xerox Corp., 480 So.2d 454 (La.App. 3 Cir.1985), writ denied, 484 So.2d 139 (La. 1986). If any of the elements are not proven, then estoppel will not be available as a remedy. Id. This court has noted in the past that "[e]stoppel, because it bars the normal assertion of rights, is not favored in Louisiana law and is used sparingly." Id. at 458.
We conclude that it was reasonable for the trial court to find that all of the necessary elements of estoppel were lacking and that summary judgment was appropriate. Leger was clearly put on notice by the second page of the employee manual that it was not intended to be an employment agreement. Given Leger's admission that no one at Tyson made any representations to him with regard to the manual's seniority policy, it was unreasonable for him to rely on the provisions of the employee manual. Additionally, the seniority policy states that seniority will be the determining factor in lay-off situations only if the workers are comparable in skill, proficiency, dependability, and physical qualifications. Mr. Leger has not presented any evidence to indicate that the retained employees were not superior in these other qualifications, and thus, he has failed to carry his burden of proof to oppose the motion for summary judgment. Equitable estoppel is not an alternative remedy available to Mr. Leger in this case, and there are no material issues of genuine fact remaining to be resolved.

DISPOSITION
For the foregoing reasons, we find that as a matter of law, the plaintiff has failed to *403 raise any genuine issues of material fact which would have precluded the granting of the motion for summary judgment. The judgment of the trial court was correct. All costs of this appeal are assessed to the plaintiff, Jesse Leger.
AFFIRMED.