Mariette WALLACE, Plaintiff–Appellant,

v.

SHREVE MEMORIAL LIBRARY, et al., Defendants–Appellees.

No. 95–30223.

United States Court of Appeals, Fifth Circuit.

March 20, 1996.

---

John Charles Milkovich, Shreveport, LA, for plaintiff-appellant.

Lawrence W. Pettiette, Jr., Blanchard, Walker, O'Quin & Roberts, Shreveport, LA, for Shreve Memorial Library.

Brian E. Crawford, Susan Nunez Belsom, Crawford and Anzelmo, Monroe, LA, Bruce Jones Brumfield, Jr., Monroe, LA, for Shreve Mem. Library and Colon.

Thomas G. Zentner, Jr., Theus, Grisham, Davis & Leigh, Monroe, LA, for Shreve Mem. Library and Commerce & Industry Ins. Co.

Sidney Earl Cook, Jr., Shreveport, LA, for Auto. Ins. Co. of Hartford Connecticut.

David Edmond Marquette, O'Neal Walsh, O'Neal Walsh & Associates, Baton Rouge, LA, for American Mfrs. Mut. Ins. Co.

Before GARWOOD, EMILIO M. GARZA and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Plaintiff Mariette Wallace was fired from her library assistant job with Shreve Memorial Library in September 1992. Wallace sued the library, claiming that it violated her Fourteenth Amendment Due Process rights by firing her without a hearing. Wallace claims that under Louisiana law she had a protectable property interest in her job in two ways: (1) the library's employment manual modified her at will employment status, thus providing that she would only be fired for cause and (2) she is a permanent classified employee under the Louisiana civil service system. We find that the employment manual did not create a protectable property interest. However, we believe that there are no clear controlling precedents under Louisiana law upon which we can properly decide whether Wallace was a permanent classified civil service employee. Therefore, we certify this question to the Louisiana Supreme Court.

## BACKGROUND

Wallace worked as a library assistant for Shreve Memorial Library in Shreveport, Louisiana, beginning in May 1981. In October 1990, she was terminated because of tardiness. However, in February 1991, she was reinstated on the condition that she complete her portion of the allotted duties, handle reference patrons in a more professional manner and refrain from interfering with personnel matters. In September 1992, Wallace was fired for failing to maintain a satisfactory attitude with the other staff at the library, not consistently completing her share of the duties and refusing to accept criticism from her supervisor and amend her behavior.

Wallace attempted to contest her dismissal. However, the library did not provide an administrative hearing. Wallace filed suit in Louisiana state district court, alleging intentional infliction of emotional distress, violation of her Fourteenth Amendment due process rights and violation of her First Amendment free speech rights. The library removed the case to federal court and moved for summary judgment. The district court, in August 1994, granted partial summary judgment in favor of the library, dismissing Wallace's First Amendment claims and her Fourteenth Amendment liberty interest claims. In February 1995, the district court amended its order, also dismissing her Fourteenth Amendment property interest claims and remanding the state law claims back to state court. Wallace appeals the dismissal of her Fourteenth Amendment property interest claims. Wallace does not brief her First Amendment free speech claims or her Fourteenth Amendment liberty interest claims. Therefore, those claims are waived on appeal. *Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 910 (5th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 5, 129 L.Ed.2d 906 (1994).

## DISCUSSION

 The only issue before us is whether Wallace was entitled to due process before she was fired.[1] The library does not claim that it afforded her due process; instead, it argues that she was not entitled to due process. A public employee who has a property interest in her job cannot be fired without due process of law. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct.

1. This is a grant of summary judgment, which we review *de novo* using the same standards as the district court. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

2. Article 2747 provides:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.

3. The Louisiana Supreme Court has explained the philosophical basis for its employment at will doctrine:

1487, 84 L.Ed.2d 494 (1985). Whether one has a property interest in her job is determined by state law, in this case, Louisiana law. *Bishop v. Wood*, 426 U.S. 341, 347, 96 S.Ct. 2074, 2078–79, 48 L.Ed.2d 684 (1976).

Under Louisiana law, there are two ways through which Wallace can have a property interest in her job: (1) if the library contracted with Wallace to fire her only for cause *or* (2) if she is a permanent classified employee under the Louisiana civil service system. Wallace claims that she has a property interest in her job in both ways, while the library argues that she does not have a property interest in her job under either theory.

*Legitimate Expectation of Continued Employment*

 Under Louisiana law, a person employed for an indefinite period is an employee at will. *Gilbert v. Tulane University*, 909 F.2d 124, 125 (5th Cir.1990); La.Civ.Code Ann. art. 1778. Even a person with permanent employment is employed for an indefinite time and thus terminable at will. *O'Neal v. Chris Steak House, Inc.*, 525 So.2d 325 (La.Ct.App.1988). "An at-will employee is free to quit at any time without liability to his or her employer and may be terminated at any time, for any reason or for no reason at all, provided the termination does not violate any statutory or constitutional provision." *Gilbert*, 909 F.2d at 125; La.Civ.Code Ann. art. 2747.[2] Any ambiguity should be construed in favor of employment at will.[3] *Thorne v. Monroe City School Bd.*, 542 So.2d 490, 492 (La.1989).

 In order for Wallace to prove that she has a property interest in her job, she

An employee is never presumed to engage his services permanently, thereby cutting himself off from all chances of improving his condition; indeed, in this land of opportunity it would be against public policy and the spirit of our institutions that any man should thus handicap himself; and the law will presume almost juris et de jure that he did not so intend. And if the
contract of employment be not binding on the employee for the whole term of such employment, then it cannot be binding upon the employer; there would be lack of "mutuality."
*Pitcher v. United Oil and Gas Syndicate*, 174 La. 66, 139 So. 760 (La.1932).

must establish that she is not an employee at will. She can do this by showing that she has a contract for a definite term or that the library contracted with her to fire her only for cause. *Leger v. Tyson Foods, Inc.,* 670 So.2d 397, 401–02 (La.Ct.App.1996). Wallace does not claim to have a contract for a definite term; therefore, she must show that she and the library contracted for a firing only for cause provision. Wallace argues that the library's employment manual created a contract which provided that she would only be fired for cause. Unfortunately for Wallace, Louisiana courts have not been inclined to find contracts in employment manuals.[4] In *Mix v. University of New Orleans,* 609 So.2d 958 (La.Ct.App.1992), the court examined in detail many Louisiana cases and reached the following conclusions:

(1) There are no Louisiana cases holding that employee manuals, policies, or grievances procedures confer any contractual rights upon employees or create any exceptions to the "employment at will" doctrine.

(2) Several Louisiana cases have held that employee manuals as well as company policies and procedures do not confer contractual rights upon employees nor create any exceptions to the "employment at will" doctrine. *Wall v. Tulane University,* 499 So.2d 375 (La.Ct.App.1986); *Williams v. Delta Haven, Inc.,* 416 So.2d 637 (La.Ct.

App.) (1982); *Aldahir v. Mobil Exploration & Prod. Southeast, Inc.,* 420 So.2d 714 (La.Ct.App.1982; *Gilbert v. Tulane University,* 909 F.2d 124 (5th Cir.1990).

*Mix,* 609 So.2d at 964.

Louisiana courts analyze employment manuals to determine if they meet the requirements of a contract. Courts have found that employment manuals are not agreements between two parties. *Keller,* 597 So.2d at 1116; *Thebner v. Xerox Corp.,* 480 So.2d 454, 457 (La.Ct.App.1985). A recent case distinguishes manuals from contracts: "the manual's policies were not a bargained for condition of his employment. . . . The manual was merely a unilateral expression of company policies and procedures. Any benefits conferred by the manual were merely gratuitous and were not binding on [the company]." *Leger v. Tyson Foods, Inc.,* 670 So.2d 397, 401–02 (La.Ct.App.1996).

The manual in this case is similar to those in many of the above cases: it merely says that an employee will be fired for certain enumerated bad acts, including "[a]ny other just cause as defined by the Library Board of Control."[5] There is no evidence that the employment manual was part of a bargained for exchange between the library and Wallace. *Leger,* at 401–02. Instead, the employment manual was merely a unilateral statement by the library of what actions it considered unacceptable, the commission of

---

4. Under Louisiana law, "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La.Civ. Code Ann. art. 1906. Four elements are required for a valid contract: (1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. *Keller v. Sisters of Charity,* 597 So.2d 1113, 1115 (La.Ct.App. 1992); La.Civ.Code Ann. arts. 1918, 1927, 1966, 1977.

5. The relevant portion of the employment manual, titled "Discipline/Dismissal," provides, in relevant part:

The following will be considered sufficient for dismissal or other disciplinary actions:
1. Insubordination; refusal to follow instructions
2. Inefficiency or ineffectiveness in performing assigned duties

3. Unsatisfactory attitude toward job, co-workers and/or supervisors
4. Repeated tardiness
5. Absence without leave
6. Incapacity due to mental or physical disability
7. Impairment of work performance due to the effects of alcohol, drugs, or medication
8. Poor health indicated by excessive use of sick leave
9. Abuse of sick leave privileges
10. Dishonesty and/or theft
11. Lack of care of library property
12. Extended breaks of lunch periods
13. Harassment (threatening, intimidating and/or coercing behavior or interfering with fellow employees in the performance of their duties)
14. Falsifying records
15. Participation in prohibited political activity or political solicitation
16. Any other just cause as defined by the library Board of Control.

which would result in dismissal. The manual does not meet the requirements of a contract under Louisiana law.

On the other hand, the library's employment manual did not have a disclaimer saying that it was not a contract. If there were such a disclaimer, our job of course would be easier. However, Louisiana courts have found employment manuals not to be contracts even without disclaimers (and we have found no cases where the absence of a disclaimer made the manual a contract). *Keller v. Sisters of Charity,* 597 So.2d 1113, 1116 (La.Ct.App.1992).

Louisiana courts are quite reluctant to find that employment manuals create contractual rights. The courts have not expressed a *per se* rule against employment manuals being contracts; they instead prefer to analyze the manuals on a case by case basis. Nonetheless, like the *Mix* court, we can find no case in which a Louisiana court has found an employment manual to create a contract. After reviewing the cases, we hold that a Louisiana court would find this manual, even absent a disclaimer, insufficient to create contractual rights and modify the at will employment arrangement. Thus, Wallace had no protectable property interest in her job because of the employment manual.

*Permanent Classified Civil Service Status*

▇▇▇ In Louisiana, a permanent classified civil service employee has a protected property interest in her job. *Bell v. Dept. of Health and Human Resources,* 483 So.2d 945, 949–50 (La.), *cert. denied,* 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986). Under the Louisiana Constitution, classified service is the rule: all state employees are members of the classified civil service unless their positions are specifically excepted from classified service by law. LA. CONST. Art. 10, § 2(A) ("The state and city civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service.") The Louisiana Constitution, in Article 10, § 2(B), lists which jobs are unclassified. Wallace's position, library technician, is not one of those listed unclassified jobs, either in the constitution or in the Louisiana Civil Service Rules.

The library argues that Wallace is not a permanent classified employee because she has not fulfilled the constitutional requirements for that position. *Owen v. New Orleans City Civil Service Commission,* 371 So.2d 364, 366 (La.Ct.App.1979). Article 10, § 7 of the Louisiana Constitution sets forth the requirements for obtaining permanent classified civil service status:

> Permanent appointments and promotions in the classified state and city civil service shall be made after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness and length of service, as ascertained by examination which, so far as practical, shall be competitive.

Wallace did not take a competitive examination before she was hired, and she was not hired according to civil service rules, but rather, according to the library policy manual. The library argues that because Wallace was not hired according to civil service requirements, she can not be a permanent classified civil service employee. *Digerolomo v. French Market Corp.,* 272 So.2d 385 (La.Ct. App.1973).

Wallace asserts that the library's interpretation of permanent classified status would result in constitutional and legislative enactments being rendered meaningless by administrative intransigence, negligence or in defiance to Louisiana's constitutional civil service mandate, because the agency's actions, rather than constitutional guidelines, would determine whether an employee had civil service protection. *Baton Rouge v. Fire & Police Civil Service Board,* 597 So.2d 573 (La.Ct.App.1992); *Finley v. Dep't of Corrections,* 351 So.2d 811 (La.Ct.App.1977). Wallace contends that the requirement of a competitive examination before civil service status attaches is contrary to a line of Louisiana cases. *Polk v. Edwards,* 626 So.2d 1128 (La.1993); *Beevers v. Jefferson Parish Juvenile Court,* 552 So.2d 1317 (La.Ct.App. 1989).

After reviewing the case law cited by the parties, and after performing independent research, we are unable to find any "clear controlling precedents" in decisions of Louisi-

ana courts which would decide this question. Article 10, § 2 of the Louisiana Constitution clearly says that all state and city employees not included in the unclassified service are in the classified service. Yet, Article 10, § 7 requires classified service appointments to be made according to civil service rules, based on merit and a competitive examination. Neither section speaks to the circumstances of this case.

Because the determinative issue in this case, whether Wallace is a permanent classified civil service employee, is clearly a matter of Louisiana law and because there has been no ruling by a Louisiana court on this issue, we hereby invoke the certification privilege granted by Rule XII of the Louisiana Supreme Court Rules.[6]

We certify the following question to the Louisiana Supreme Court:

> Assume a parish library has no formal civil service system established and does not hire or promote workers according to civil service rules using competitive examinations. Is a library technician for that library, who has never taken a competitive examination or otherwise complied with civil service requirements, considered a classified civil service employee under Louisiana law?

## CONCLUSION

Because the answer provided by the Louisiana Supreme Court will determine the remaining issue on appeal in this case, we have certified this question. We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question that we certify.[7] We transfer to the Louisiana Supreme Court the record and appellate briefs in this case with our certification.

**CERTIFIED.**

---

6. "When it appears to ... any circuit court of appeal of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law." Rule XII, Louisiana Supreme Court Rules.

7. While the certified question does not embrace all the issues of Louisiana law asserted by the parties in their briefs (which are discussed in our opinion), we do not consider the other issues to raise unsettled questions of Louisiana law. Should the Supreme Court disagree with our analysis of these other issues of Louisiana law, we invite that Court to call our attention to any controlling principles of state law derived therefrom. *Mills v. Damson Oil Corp.*, 686 F.2d 1096, 1115 n. 28 (5th Cir.1982).