United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-30537
Summary Calendar

---

WILLIAM R. VANDERWALL,

Plaintiff-Appellant,

versus

GARY Q. PECK, individually, and in
his official capacity as Director
of the Louisiana Department of Health
and Hospital's (DHH) Office of Public
Health (OPH); ROBERT BOLAND, Attorney,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-3142-K

---

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William R. Vanderwall, representing himself, appeals the

dismissal of his complaint under FED. R. CIV. P. 12(b)(6) for failure

to state a claim for which relief can be granted. We affirm.

We review a dismissal *de novo*, assuming the allegations of the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint to be true. *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992). Though we construe *pro se* pleadings liberally, *Haines v. Kerner*, 92 S. Ct. 594, 595-96 (1972), even *pro se* litigants must cross some minimal threshold of clarity. If appellant has achieved this, he has done so only barely. As best as we can discern, the central allegation of the complaint, which rambles at considerable length, is that appellant was denied his civil rights to due process of law when he was terminated by appellee Peck from his job as an anti-terrorism planner. Appellant cited 42 U.S.C. §§ 1983, 1985, and 1986 as the statutory bases for relief.

Apellant raises three points of error: (1) the district court erred in declining to exercise supplemental jurisdiction over his state law claims; (2) the district court erred in dismissing his federal claims; and (3) the district court erred in dismissing his federal claims with prejudice.

With respect to his first point of error, the district court only declined to exercise supplemental jurisdiction after dismissing all of the federal claims. The decision to exercise supplemental jurisdiction over state law claims involving non-diverse parties is discretionary and we find no abuse of that discretion. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Nor was it an error for the district court to dismiss

appellant's various federal claims. To the extent appellant brought a section 1983 claim against appellees in their official capacities, dismissal was proper because Louisiana has Eleventh Amendment immunity from suit. *Will v. Michigan Dep't of State Police*, 109 S. Ct. 2304, 2309-10 (1989). To the extent he brought a section 1983 claim against appellees in their individual capacities, appellant did not allege facts sufficient to make out a violation of the constitution. Appellant's termination violated due process only if he had a protected property interest in his job. *Wallace v. Shreve Memorial Library*, 79 F.3d 427, 429 (5th Cir. 1996). Whether such an interest exists is a matter of state law. *Id.* Appellant furnished the district court a copy of the typewritten contract which was for a one year term and expressly authorized earlier termination without cause. In Louisiana, a person acquires a protectable property interest in a government job only if the contract has a "for cause" clause, or if the employee is classified under the state civil service system, which, as a person subject to a specific one-year term, petitioner was not. *See id.; Pope v. New Orleans City Park*, 672 So.2d 388, 389-90 (La. Ct. App. 1996) (stating that a person acquires permanent civil service status only by an express grant thereof). Appellant, therefore, has not alleged a claim for relief under the federal constitution.

The district court was also correct when it dismissed

3

petitioner's claims under 42 U.S.C. §§ 1985 and 1986. An element of a section 1985 claim is that the conspiracy must be based on invidious discrimination against a protected class. *Miss. Women's Med. Clinic v. McMillan*, 866 F.2d 788, 793 (5th Cir. 1989). No reading of appellant's complaint suggests an allegation that appellees Peck and Boland conspired against appellant on the basis of his membership in a protected class. It was also correct for the district court to dismiss petitioner's section 1986 claim because prevailing under section 1985 is a prerequisite for recovery under section 1986. *Id.* at 795.

We reject appellant's argument that the district court erred in dismissing his federal claims with prejudice. Appellees not only filed a motion to dismiss, but had also filed an answer. Appellant filed a response to the answer and to the motion to dismiss of appellees and made other filings below which the district court considered. He never requested any leave to amend or further amend or to dismiss without prejudice. He filed no post-judgment motion. Accordingly, no error in this respect is shown.

The judgment is accordingly

AFFIRMED.