services despite not being a licensed engineer.

We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the helpful arguments of counsel. We find no reversible error in the thorough twenty-six-page Memorandum Opinion of the bankruptcy court.

The decision of the bankruptcy court, disallowing all of Talone's claims, is AFFIRMED.[1]

**David FINLEY, Jr., Plaintiff–Appellant,**

v.

**FLORIDA PARISH JUVENILE DETENTION CENTER, Defendant–Appellee.**

**No. 13–31030 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 27, 2014.

1. Talone's request that we certify this matter to the Texas Supreme Court is denied.

Thomas Joseph Hogan, Jr., Esq., Hogan & Hogan, Hammond, LA, for Plaintiff-Appellant.

Randall L. Kleinman, New Orleans, LA, for Defendant–Appellee.

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant David Finley, Jr. ("Finley") appeals the district court's summary judgment in favor of Defendant–Appellee Florida Parish Juvenile Detention Center ("FPJDC") on his employment discrimination and due process claims. Finley also appeals the district court's denial of his motion for a new trial or—as the district court characterized it—his motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons explained herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

FPJDC is a facility tasked with housing juveniles who have been compelled to serve a period of residential detention. Finley is an African–American man who was employed by FPJDC from May 2008 to October 2011. Kelsie McDonald ("McDonald") is a Caucasian woman who was also employed by FPJDC in 2011. On October 13, 2011, McDonald and several other FPJDC employees attended a training session facilitated by Finley. Shortly after the session concluded, McDonald told her supervisor, Donald Carter ("Carter"), that during the training session, Finley made inappropriate sexual comments to her that caused her to feel uncomfortable.[1] Carter confronted Finley with McDonald's allegation and Finley claimed that McDonald must have misunderstood what he said. He also explained that he did not intend to cause McDonald to feel uncomfortable. Shortly after Carter confronted Finley with the allegation, Finley apologized to McDonald for making comments that offended her. FPJDC initiated an internal investigation into the incident that yielded a finding that Finley violated FPJDC's policy prohibiting employees from making comments of a sexual nature to other employees while on duty. As a result, FPJDC terminated Finley.

Finley filed a federal law suit alleging violations of Title VII and 42 U.S.C. § 1981 under disparate impact and disparate treatment theories. The suit also included state law breach of contract, intentional infliction of emotional distress, and defamation claims.[2] FPJDC initially moved for summary judgment on Finley's

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Essentially, McDonald reported that during a break from the training, Finley told her about an experience he had during a work-related trip where he and two women, while under the influence of alcohol, engaged in some form of sexual conduct. McDonald believed that Finley's purpose in sharing the story with her was to suggest that she and Finley engage in similar behavior during an upcoming work-related trip. McDonald also complained that Finley previously made similar inappropriate comments to her while on duty.

2. Finley's complaint did not clearly allege a due process cause of action. However, as explained in more detail below, an alleged due process cause of action was dismissed with the remainder of Finley's claims.

disparate treatment claims under Title VII and § 1981. FPJDC subsequently moved for summary judgment on Finley's Title VII disparate impact claim, due process claim, and state law claims for defamation, intentional infliction of emotional distress, breach of contract. The district court granted the motions and entered judgment in favor of FPJDC. Finley moved for a new trial and the district court denied that motion as well.

Finley appeals the district court's summary judgment on his Title VII and § 1981 disparate treatment claims, due process claim, and the denial of his motion for a new trial. Finley does not appeal the district court's summary judgment on his remaining claims.

## II. DISCUSSION

### A.

. Finley argues on appeal that the district court erred in granting FPJDC's first partial motion for summary judgment which addressed Finley's Title VII and § 1981 disparate treatment claims. "We review a district court's grant of summary judgment de novo, applying the same standards as the district court. We also review a district court's conclusions of law ... de novo." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir.2013) (citation omitted). " 'The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(a)). We view all facts and inferences in the light most favorable to the nonmoving party. *Id.*

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Section 1981 is a federal law designed to

ensure that all persons in the United States have the "same right[s]" and, *inter alia*, "the full and equal benefit of all laws ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." *La-Pierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir.1996).

To survive summary judgment, a Title VII plaintiff must first establish "a prima facie case of discrimination by a preponderance of the evidence." *Id.* at 448 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

> In order to show a *prima facie* case of discriminatory discharge, a plaintiff must first establish that [he] (1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for [his] position, and (4) was replaced by someone outside of the protected class.

*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir.2007). If the plaintiff successfully establishes a *prima facie* case of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Id.* If the employer articulates a legitimate, nondiscriminatory reason for its adverse employment action, the burden shifts back to the plaintiff to show that the employer's proffered explanation is pretextual. *Id.* "[T]hat showing, when coupled with the *prima facie* case, will usually be sufficient to survive summary judgment." *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

■ For purposes of our decision, we assume without deciding that Finley presented sufficient evidence to establish a

*prima facie* case of employment discrimination based upon his race or gender. FPJDC, however, provided a legitimate, nondiscriminatory reason for its adverse employment decision—that is—Finley's violation of FPJDC's policy against employees making remarks of a sexual nature while on duty. Therefore, we must decide whether a genuine issue of material fact exists with respect to Finley's allegation that FPJDC's stated reason for terminating him is pretextual. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir.1999) ("Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination."). In other words, our inquiry focuses on whether evidence in the record demonstrates that FPJDC's belief that Finley engaged in sexually inappropriate dialogue, accurate or not, was the true reason for his termination. *See Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir.2003).

In an effort to demonstrate pretext, Finley alleges that McDonald's claim that he made sexually inappropriate comments is false. Therefore, according to Finley, an issue of material fact exists because his account of the incident contradicts McDonald's account. Finley also claims that FPJDC should not have believed McDonald's allegation because she lacked credibility. As the district court correctly opined, the appropriate question is not whether McDonald's allegation was true, but instead whether FPJDC terminated Finley because it believed McDonald's allegation was true, and not because of his race or gender.

We conclude that Finley failed to present sufficient summary judgment evidence to create a genuine issue of material fact as to whether FPJDC's stated reasons for terminating him were pretextual. The record demonstrates that McDonald immediately reported Finley's comments to her supervisor. Shortly thereafter, the supervisor approached Finley to inform him about the report and apprised him of the general nature of the allegation. The evidence further demonstrates that Finley, an at-will employee, was bound by FPJDC's policy that prohibits employees from making sexually related comments while on duty. Moreover, the record includes documentation regarding Finley receiving disciplinary counseling for "inappropriate conversations" in December 2009. The 2009 incident, coupled with McDonald's allegation, would certainly provide FPJDC with a legitimate nondiscriminatory basis for Finley's termination. Finley has failed to sufficiently rebut FPJDC's proffered nondiscriminatory reason for terminating his employment. Accordingly, we affirm the district court's summary judgment in favor of FPJDC with respect to Finley's Title VII and § 1981 disparate treatment claims.

**B.**

Finley also challenges the district court's summary judgment in favor of FPJDC on his alleged due process claim. The substantive and procedural posture of this claim is fairly unconventional. Although Finley's complaint specifically delineates by name several different causes of action, it does not explicitly assert a due process cause of action. Because Finley did not specifically assert a due process cause of action in his complaint, FPJDC did not initially move for summary judgment on his alleged due process claim. However, during the motions practice in this case, FPJDC acknowledged—for argument purposes only—that a due process cause of action was subsumed within Finley's breach of contract claim. As a result, FPJDC—in its reply memorandum related

to its second partial motion for summary judgment—specifically urged the district court to dismiss Finley's alleged due process cause of action. After considering FPJDC's various motions, the district court dismissed all of Finley's claims including his alleged due process claim.

On appeal, Finley argues that the district court's summary judgment on his due process claim was erroneous because FPJDC's policies created a property interest in Finley's continued employment that was not to be disturbed without proper notice and hearing. More specifically, Finley alleges that FPJDC violated his due process rights because it failed to sufficiently inform him of the accusations against him and deprived him of an opportunity to respond to the ultimate decision-maker.

█ In order for Finley to establish that he held a property interest in his former job with FPJDC, he must demonstrate that he was not an at-will employee. *See Wallace v. Shreve Mem'l Library,* 79 F.3d 427, 429–30 (5th Cir.1996). Louisiana courts have explained that an employer's policies do not generally create an employment contract and any benefits contained within those policies are "merely gratuitous" and "not binding" on the employer. *Id.* at 430 (citation and internal quotation marks omitted). The record in this case demonstrates that Finley was an at-will employee. Accordingly, we conclude that Finley's alleged due process claim is without merit.

### C.

Finley also argues on appeal that the district court should have granted his motion for a new trial on the disparate treatment and due process claims. The district court properly treated Finley's motion for a new trial as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). *See*

*St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir.1997) (concluding that the movant's post-summary judgment motion for a new trial was "more properly construed as a request for reconsideration of the district court's entry of summary judgment"). "We review the district court's denial of a Rule 59(e) motion for an abuse of discretion. Under that standard, the district court's decision need only be reasonable." *Id.* (footnote omitted). "This Court has stated the trial court's discretion in such matters is considerable." *Weber v. Roadway Express, Inc.,* 199 F.3d 270, 272 (5th Cir.2000).

A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."

*Knight v. Kellogg Brown & Root Inc.,* 333 Fed.Appx. 1, 8 (5th Cir.2009) (per curiam) (unpublished) (quoting *Templet v. Hydro-Chem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004)). Having reviewed the record on appeal, including, *inter alia,* Finley's motion for a new trial and the district court's order denying that motion, we perceive no error in the district court's judgment.

### III. CONCLUSION

For the reasons explained above, we affirm the district court's summary judgment in favor of FPJDC and its denial of Finley's motion for a new trial.