Larry M. LANG,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY.**

No. 4–93–CV–603.

United States District Court, D. Minnesota, Fourth Division.

Nov. 5, 1993.

Gary Kent Wood, Collins & Ingebritson, Minneapolis, MN, for plaintiff.

Thomas W. Spence, Spence Ricke & Thurmer, St. Paul, MN, Thomas J. Knapp, Charles W. Shewmake, Burlington Northern R. Co., Fort Worth, TX, for defendant.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on defendant Burlington Northern Railroad's ("Burlington Northern") motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, on the basis that this dispute is subject to mandatory arbitration. Alternatively, defendant moves to stay this matter pending arbitration. The Court

heard oral argument on November 5, 1993. For the reasons set forth below, defendant's motion is granted.

## I. *Background*

Plaintiff Larry M. Lang ("Lang") is a resident of Minnesota. Defendant Burlington Northern is a Delaware corporation with its principal place of business in Texas. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

For the purposes of this motion, the following facts are undisputed. Plaintiff has been employed by Burlington Northern since November 10, 1965. Plaintiff was initially employed as a clerk, a position defined by a collective bargaining agreement. In July, 1967, Lang was promoted to chief clerk, a non-union, or "exempt," position. Plaintiff's employment progressed through various positions in computer training and instruction until, in April, 1991, he was assigned to the position of senior instructor.

On June 8, 1992, following an approved medical leave, Burlington Northern terminated the plaintiff's employment as senior instructor, effective June 15, 1992. This personnel action also terminated Lang's exempt status. Lang, however, retained his Burlington Northern employment seniority. He exercised his seniority rights and returned to the lower paying position of clerk.

Plaintiff filed this action on June 14, 1993, alleging wrongful termination of both his exempt status and his senior instructor position.

In this motion, Burlington Northern argues that Lang is bound by the arbitration clause contained in Burlington Northern's employee handbook. On January 1, 1991, Burlington Northern adopted a policy calling for non-judicial resolution of claims arising out of an employee's termination, or termination of exempt status. The policy provides that:

All claims, disputes, or issues related to or arising out of the termination of employment or exempt status of an employee of the company shall be submitted for resolution exclusively by arbitration and only

after all internal resolution efforts have been exhausted.

This policy was communicated to all Burlington Northern employees by letter, dated January, 1991. The letter noted that the policy constituted a revision to the employee handbook, and enclosed three modified pages to be inserted by employees into their copies of the handbook.

Plaintiff concedes that Burlington Northern's employee manual, policies, and procedures constitute part of his employment contract. He maintains, however, that the arbitration policy is separate from the other terms and conditions of his employment, since he was already employed by Burlington Northern at the time the corporation unilaterally adopted the arbitration policy. The plaintiff argues that the arbitration clause is an unenforceable contract of adhesion. In plaintiff's view, the provision is the product of unequal bargaining power, which left him with only two options—to quit his job, or to maintain his employment with the clause in place.

## II. *Analysis*

■ The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, directs that this Court "rigorously enforce agreements to arbitrate." *See Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987) (quoting *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1983)); *see also Rodriguez de Quijas v. Shearson/American Express,* 490 U.S. 477, 482–484, 109 S.Ct. 1917, 1921, 104 L.Ed.2d 526 (1989); *Moses H. Cone Memorial Hospital v. Mercury Construction,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983). The Act further provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2.

■ The Supreme Court has made clear that the federal policy favoring enforcement of arbitration agreements extends to employment disputes. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). It is

clear, too, that this policy is in accord with the Congress's view as it relates to claims for vindication of employees' rights. In this regard, the Civil Rights Act of 1991 expressly promotes the use of alternative dispute resolution. The Act provides:

> Where appropriate and to the extent authorized by law, the use of alternative dispute resolution, including ... arbitration, is encouraged to resolve disputes arising under the Act or provisions amended by this title.

Civil Rights Act of 1991, Pub.L. No. 102–166, § 118, 105 Stat. 1071 (1991). With these thoughts in mind, the Court finds that Burlington Northern's arbitration policy is an enforceable term of the parties' employment contract.

 It is well-settled under Minnesota law that clear and definite policy language in employee manuals may constitute a binding unilateral contract. *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 626–27 (Minn. 1983). Whether an employment policy rises to the level of a binding contract is generally a legal determination for the court. *Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 856 (Minn.1986).

 To create a binding unilateral contract, a term of employment must be presented in the form of an offer and must be accepted by the employee. *Pine River*, 333 N.W.2d at 626. An offer must be definite in form and must be communicated to the employee. *Id.* When, as here, a change in the employment relationship is proposed to an employee, "the employee's retention of employment constitutes acceptance of the offer.... [B]y continuing to stay on the job, although free to leave, the employee supplies the necessary consideration for the offer." *Id.*, 333 N.W.2d at 627; *Lewis v. Equitable Life Assur. Soc.*, 389 N.W.2d 876, 883 (Minn. 1986); *Brookshaw v. South St. Paul Feed, Inc.*, 381 N.W.2d 33, 36 (Minn.App.1986).

There is no question that the language of Burlington Northern's arbitration policy is sufficiently definite in form. Moreover, the corporation disseminated the policy to its employees, including the plaintiff. Since plaintiff received a copy of the provision at the time it became effective, his continued employment, with knowledge of the changed condition, constituted acceptance of the offer and provided the necessary consideration to bind the parties.

 Plaintiff's contention that the provision is an unenforceable adhesion contract fails. Absent a well-founded claim that an arbitration agreement "resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract,'" the Court must enforce the arbitration agreement. *Id.* 500 U.S. at ——, 111 S.Ct. at 1656 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 627, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985)). "Mere inequality of bargaining power ... is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer*, 500 U.S. at ——, 111 S.Ct. at 1655. The Eighth Circuit has held that "[t]o be invalid, the provision at issue must be unconscionable.... There is certainly nothing inherently unfair about the arbitration clause." *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 807 (8th Cir.1986) (quoting *Surman v. Merrill Lynch, Pierce, Fenner & Smith*, 733 F.2d 59, 61 n. 2 (8th Cir.1984)). The plaintiff here has failed to show that Burlington Northern's arbitration clause is inherently unfair.

The plaintiff does, however, indicate apprehension over whether Burlington Northern will fairly participate in the arbitration proceedings. These concerns inhere in any new procedure, but plaintiff offers nothing more than conjecture in support of his apprehension. Should the procedure prove unfair, dishonest, or a sham, a separate action may lie. These matters are far beyond the scope of this proceeding, and at present are insubstantial as opposed to the strong policy interests favoring arbitration.

### III. *Conclusion*

Accordingly, the Court finds that the mandatory arbitration clause is enforceable. Therefore, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion to dismiss is granted.

2. This action is dismissed without prejudice.