**Ulysses WALKER**

v.

**AIR LIQUIDE AMERICA CORPORATION.**

**No. Civ.A. 00–0119–B–M1.**

United States District Court, M.D. Louisiana.

Sept. 15, 2000.

Earl Cyril Reynolds, Chad Frederick Reynolds, Reynolds Law Firm, Baton Rouge, LA, for Ulysses Walker, plaintiff.

Deirdre C. McGlinchey, Joan Marie Canny, McGlinchey Stafford, PLLC, New Orleans, LA, Ronald J. Holland, Nancy E. Pritkin, San Francisco, CA, for Air Liquide America Corporation, defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS OR COMPEL ARBITRATION

POLOZOLA, Chief Judge.

This matter is before the Court on the defendant's motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (FAA)[1] and to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).[2] This motion requires the Court to determine whether the plaintiff, Ulysses Walker, is required by the FAA to submit his claim to binding arbitration. For reasons which follow, the Court denies the defendant's motion to dismiss or compel arbitration.

### FACTS

Ulysses Walker is a former employee of the defendant Air Liquide America Corporation (ALAC). Walker originally filed the suit in the 19th Judicial District Court for the Parish of East Baton Rouge, alleging that he was constructively discharged from his former employment with ALAC

---

1. 9 U.S.C. § 1 *et seq.*

2. Rec.Doc. 3.

due to racial discrimination. ALAC timely removed the suit to this Court based on diversity jurisdiction.[3] It now seeks to have the plaintiff's complaint dismissed or arbitration compelled pursuant to the FAA.

ALAC's argument is premised upon an Alternate Dispute Resolution (ADR) policy contained in its employment manual. It is clear that Walker signed a form acknowledging receipt of the manual which contained the ADR policy. ALAC contends that Walker's acknowledgment constituted his consent to be bound by the ADR policy and thereby effected a written arbitration agreement between the parties. Additionally, ALAC contends that Walker's continued employment after acknowledging receipt of the handbook signified his consent to be bound by the ADR policy. The plaintiff has filed an opposition to defendant's motion.[4]

Walker argues that neither the arbitration policy contained in the handbook nor his acknowledgment of receipt of the handbook created any contractual obligation between the parties to arbitrate the claim. Therefore, Walker contends that he is not required to submit his claim to arbitration pursuant to the defendant's ADR policy because he never agreed to do so.

## LAW AND ANALYSIS

■ The Federal Arbitration Act provides that written agreements to arbitrate disputes arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[5] The FAA manifests a "liberal federal policy favoring arbitration agreements."[6] To determine whether parties should be compelled to arbitrate their dispute, courts perform a two-step inquiry. The court must first determine whether the parties agreed to arbitrate the dispute.[7] Once the court finds that the parties did agree to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable.[8]

■ The court's determination of whether parties have agreed to arbitrate is made pursuant to state law.[9] Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[10] Four elements are required for the confection of a valid contract: (1) the parties must possess the capacity to contract;[11] (2) the parties' mutual consent must be freely given;[12] (3) there must be a certain object for the contract;[13] and (4) the contract must have a lawful purpose.[14] Thus the Court must determine whether Walker consented to the ADR policy contained in the manual so as to create a binding agreement between the parties which is enforceable under the FAA.

Unless the law prescribes a certain formality for an intended contract, an offer and acceptance may be made orally, in writing, or by action or inaction which

3. 28 U.S.C. § 1332.

4. Rec.Doc. 14 and 17.

5. 9 U.S.C. § 2.

6. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

7. *R.M. Perez & Assoc., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir.1992), citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985).

8. *R.M. Perez & Assoc., Inc.*, 960 F.2d at 538, citing *Mitsubishi Motors Corp.*, 105 S.Ct. at 3355.

9. *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42 (2nd Cir.1993).

10. La.Civ.Code art.1906.

11. La.Civ.Code art.1918.

12. La.Civ.Code art.1927.

13. La.Civ.Code art.1971.

14. La.Civ.Code art.1966.

under the circumstances is clearly indicative of consent.[15] However, when special formalities are required for a contract, the same formalities are required for an acceptance which is intended to form that contract.[16]

■■■ In order to be enforceable under the FAA, an arbitration agreement must be in writing.[17] Therefore, under Louisiana law, the acceptance of such an agreement must also be made in writing. Thus, ALAC's arbitration policy is only binding upon Walker if he consented to it in writing.[18] Since plaintiff's continued employment after acknowledging receipt of the handbook is insufficient to effect a *written* agreement, Walker is only bound to arbitrate under the FAA if he agreed to do so by virtue of his written acknowledgment.

Louisiana state courts have overwhelmingly rejected employment manuals as the source of contractual obligations. Federal courts have followed the same rule. Thus, the Fifth Circuit Court of Appeals noted in 1996 that it could "find no case in which a Louisiana court [had] found an employment manual to create a contract."[19] The

Louisiana fourth circuit expressed the rationale behind the rejection of a policy manual as a source of a contractual obligation:

It was only a unilateral expression of company policy and procedures. Its terms were not bargained for by the parties and any benefits conferred by it were mere gratuities. Certainly, no meeting of the minds was evidenced by the defendant's unilateral act of publishing company policy."[20]

This is especially true when, as here, the policy manual contains an express disclaimer that the manual does not constitute a contract. Such a manual lacks the requisite elements to establish a valid contract.[21]

■■■ The form which Walker signed was titled: "ACKNOWLEDGMENT OF RECEIPT OF *AIR LIQUIDE AMERICA CORPORATION EMPLOYEE HANDBOOK*," and stated in part:

I hereby acknowledge that I have received a copy of the ***Air Liquide America Corporation Employee Handbook.***

---

15. La.Civ.Code art.1927.

16. La.Civ.Code art.1927, cmt. (b). *See also Barchus v. Johnson,* 151 La. 985, 92 So. 566 (1922); *Charbonnet v. Ochsner,* 258 La. 507, 246 So.2d 844 (1971).

17. ALAC also seeks to compel arbitration under Louisiana Arbitration Law, La.R.S. 9:4201–4217. However, the Louisiana statute also requires a written agreement. La.R.S. 9:4201.

18. Defendant's reliance on *Kinnebrew v. Gulf Ins. Co.,* 1994 WL 803508 (N.D.Tex.1994) is misplaced. *Kinnebrew* cited *Lang v. Burlington Northern R.R.,* 835 F.Supp. 1104 (D.Minn. 1993) for support in finding that continued employment could equate to consent to arbitration. However, the *Lang* court based its decision on "well-settled" Minnesota law that employee manuals may constitute binding unilateral contracts. *Lang,* 835 F.Supp. at 1106. In contrast, "Louisiana courts are quite reluctant to find that employment manuals create contractual rights." *Wallace v. Shreve Memorial Library,* 79 F.3d 427, 431 (5th Cir.1996). *See also infra* notes 19–20.

19. *Wallace v. Shreve Memorial Library,* 79 F.3d 427, 431 (5th Cir.1996).

20. *Mix v. University of New Orleans,* 609 So.2d 958, 961 (La.App. 4 Cir.1992), *writ denied,* 612 So.2d 83 (1993) (quoting *State v. Motor,* 220 Kan. 99, 551 P.2d 783 (1976)). *See also Malakoff v. Alton Ochsner Medical Foundation,* 2000 WL 805232 (E.D.La. Jun.20, 2000); *Schwarz v. Administrators of Tulane Educ. Fund,* 699 So.2d 895 (La.App. 4 Cir.1997); *Leger v. Tyson Foods, Inc.,* 670 So.2d 397 (La.App.1996), *writ denied,* 671 So.2d 920 (La.1996); *Keller v. Sisters of Charity,* 597 So.2d 1113, 1115 (La.App. 2 Cir. 1992); *Wall v. Tulane Univ.,* 499 So.2d 375, 376 (La.App. 4 Cir.1986), *writ denied,* 500 So.2d 427 (La.1987).

21. *Thebner v. Xerox Corp.,* 480 So.2d 454 (La. App. 3 Cir.1985), *writ denied,* 484 So.2d 139 (1986). *See also Adams v. Autozoners, Inc.,* 1999 WL 744039 (E.D.La. Sep.23, 1999); *Wohlschlaeger v. Fairmount Hotel Co.,* 1995 WL 468305, *2 (E.D.La. Aug.2, 1995).

I understand that I am responsible for reading this **Employee Handbook.**

I understand that the provisions of the **Employee Handbook** do not alter my at-will employment or constitute a contract of employment between me and Air Liquide America and that I should not view it as such.

I understand that the **Employee Handbook** is designed to familiarize me with the various Air Liquide America policies and benefits. It is not intended to replace the actual language in the policies, procedures and benefit plans, but merely to act as a condensed summation. The information contained in the **Employee Handbook** represents guidelines only and Air Liquide America may revise, amend or terminate its policies, practices or employee benefits at any time.[22]

The Court finds that the above language is not sufficient under Louisiana law to constitute a contractual obligation to abide by a policy delineated within the handbook.

Defendant ALAC contends that Walker's signed acknowledgment indicates his consent to the ADR policy, irrespective of whether any employment contract was formed by the manual. The only Louisiana case which has considered an arbitration agreement in an employment manual is *Jones v. Tenet Health Network, Inc.*[23] In *Jones*, the Eastern District of Louisiana found that an acknowledgment was an enforceable agreement to arbitrate under the facts of that case. However, unlike the acknowledgment signed by Walker, the form in *Jones* contained "an express agreement to arbitrate as 'a condition of employment and continued employment.'"[24] As such, the court found that the acknowledgment was "separate and distinct from the employee manual itself."[25]

The acknowledgment signed by Walker in this case does not indicate that he consented to anything. To the contrary, it provides that: "All employees are required to sign this form as acknowledgment that they have received and read the *Employee Handbook*." There is no indication under the facts of this case that Walker agreed to submit any employment dispute he might have to binding arbitration by virtue of his acknowledgment that he *received* and *read* the handbook. A review of the facts of this case fails to show that there was an agreement separate and distinct from the manual itself as was the case in *Jones*. Courts in other jurisdictions have found that acknowledgments which do not themselves contain any arbitration provision are insufficient to create a written arbitration agreement.[26] This Court believes that Louisiana courts would follow the same rule.[27]

**CONCLUSION**

The Court finds that Walker's acknowledgment of receipt of the employment manual containing the ADR policy did not effect a written agreement to arbitrate. Since there was no written agreement between the parties to submit to binding

22. Plaintiff's Exhibit 2 (emphasis in original).

23. 1997 WL 180384 (E.D.La. Apr.7, 1997).

24. *Jones*, 1997 WL 180384 at *3.

25. *Id.*

26. *See, e.g., Ex parte Beasley*, 712 So.2d 338 (Ala.1998); *Kummetz v. Tech Mold, Inc.*, 152 F.3d 1153 (9th Cir.1998); *see also* Brandy B. Osborne, *Mandatory Arbitration Clauses in Employee Handbooks: Will They Survive Judicial Scrutiny*, 22 Am.J. Trial Advoc. 591, 598 n. 46 and cases cited therein.

27. The Court is unpersuaded by the Memorandum Opinion and Order in *Richards v. Air Liquide America Corp.*, 3:98CV804LN (S.D.Miss. Feb. 29, 2000) which granted the current defendant's motion to compel arbitration in that case by virtue of a similar acknowledgment. In *Richards*, ALAC's motion was unopposed by the *pro se* plaintiff. In addition, the issue in the *Richards* motion was whether a constructive discharge was arbitrable, not whether an agreement was in fact confected. Since this Court finds that no such agreement was in fact confected, the ruling in *Richards* is not helpful.

arbitration, the Court need not consider whether Walker's claim of constructive discharge would be arbitrable under the ADR policy.

Therefore:

**IT IS ORDERED** that the defendant's motion to compel arbitration and dismiss this action be and it is hereby DENIED.